*In re* JOSÉ TORRES ORTIZ, Respondent.

No. D-66-4.     Decided June 7, 1966.

*J. B. Fernández Badillo, Solicitor General,* and *Manuel Tirado Viera, Assistant Solicitor General,* for The People. *P. Pagán Colón* for respondent.

PER CURIAM: By our Order of June 17, 1965 we fined attorney and notary public José Torres Ortiz in the amount of $25 as penalty for delay in remitting to the Secretary of this Court the notice of execution of a deed of power of attorney, Deed No. 1 of January 2, 1965, in violation of the Registry of Powers of Attorney Act, 4 L.P.R.A. § 922. Respondent was allowed a full 30-day term to make said fine effective.

In previous occasions the respondent had already incurred in two violations of said Act in delaying notice of two other deeds of protocolization of power of attorney. By our Order of May 1, 1963, in that previous occasion, we did not impose any penalty on notary Torres Ortiz but we warned him against further noncompliance with the law. It seems that our leniency was interpreted as weakness inasmuch as the 30-day term which he was granted to pay the fine mentioned for his third offense expired, as well as the months of July, August, September, October and November without respondent paying the $25 fine.

By our Order of December 20, 1965 we required notary Torres Ortiz to show cause, within the term of 10 days, why he should not be disciplined for his contemptuous conduct regarding an order of this Court. The Court's order was served on him on December 22 of the same year. After the 10-day term he was allowed in the order to show cause had already expired, the respondent filed a petition on January 7, 1966, stating the reasons why he believes he should not be disciplined. In synthesis, he states in his petition that in June 1965 he gave his secretary the amount of $25 in cash for the payment of the fine but it was not until December 24 of that year that he learned that said amount had not been remitted to the Court.

As we were not satisfied with the reasons given by him in the aforementioned petition, we referred the matter to the Solicitor General on January 14, 1966, to file the corresponding complaint against said attorney.

■ On February 1, 1966 the Solicitor General filed the complaint charging the respondent with illegal and unbecoming conduct for an attorney and notary in belittling and disobeying an order of the Supreme Court of Puerto Rico requesting the payment of the above-mentioned fine, all in violation of the Registry of Powers of Attorney Act, 4 L.P.R.A. §§ 921–927.

Respondent answered on March 7, 1966 denying the only charge in the complaint. This Court set April 18, 1966 for the hearing of the disbarment proceeding against the respondent. The hearing was held on the aforementioned date, at which the Solicitor General appeared. The respondent appeared personally and assisted by an attorney. Joaquín Berríos, Acting Secretary of the Supreme Court, Ignacio Rivera, and Attorney Rafael Buono Petrilli testified as witnesses for the complainant. Ana Iris Fuentes, his secretary, testified for the respondent and gave her own testimony.

The evidence of the complainant corroborated the facts appearing from the record: the respondent sent the notice late; he was fined; the term he was allowed to pay it expired; on August 2, 1965, the then Secretary of this Court, Ignacio Rivera, wrote him a letter urging him to pay the fine; many telephone calls were made to his office; the rest of the year elapsed and the respondent did not pay the fine; and it was after receiving the order to show cause why he should not be disciplined that he paid the same.

The respondent's evidence is a restatement of what he had already informed in his petition of January 7, 1966 that he had given the $25 to his secretary; that she forgot to bring or send said amount to the Court; that he thought that the fine had been paid and that it was not until December 24, 1965 that he found out that the fine had not been paid.

■ After having heard the five testimonies of the five witnesses and having examined the documents in the record, we conclude that the charge imputed to the respondent in the complaint was proven. The great disregard of the order of this Court imposing on him a $25 fine, in spite of the fact that previously he had been formally warned by an Order of this Court against future violations of the same nature which brought about this complaint, is of such a degree that it calls for disciplinary action, which we shall impose upon him. Furthermore, we wish to censure the attitude of the respondent, which also shows disregard on his part of the dignity of this Court in having brought here his secretary on the day of the hearing to testify under oath, which testimony did not deserve the credibility of this Court.

For the foregoing reasons, respondent José Torres Ortiz shall be suspended from the practice of his profession as attorney and notary for the term of one year counted from the date on which our judgment is served on him.

Mr. Chief Justice Negrón Fernández and Mr. Justice Santana Becerra did not participate.